IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James R. Rose, | ) | C/A No. 0:20-1158-RBH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER REGARDING** |
| v. | ) | **AMENDMENT OF COMPLAINT** |
| | ) | |
| Bryan Sterling; Anthony Burton, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, James R. Rose, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq*. The Complaint has been filed pursuant to 28 U.S.C. § 1915 and § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.

**I.     Factual and Procedural Background**

Plaintiff is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections ("SCDC"). (Compl., ECF No. 1 at 2.) Plaintiff claims that since 2014, he has asked the defendants to allow him to grow his hair to an unlimited length pursuant to his Rastafarian religious beliefs, but the defendants denied his request. (Id. at 5-6.) Plaintiff also claims he was "physically assaulted, abused mentally, and oppressed by [the] defendant's hair policy, which allows transgender [*sic*] to grow hair like female inmates." (Id. at 6.) Plaintiff further claims it was the defendants' "co-workers" who physically assaulted him for invoking his right to exercise his religious beliefs. (Id.) Plaintiff brings this action against the Director of

SCDC, Bryan Stirling, and the Warden of the McCormick Correctional Institution, Anthony Burton. (Id. at 2-3.) Plaintiff raises unspecified claims for damages against the defendants pursuant 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc et seq.[1]

## II.  Discussion

### A.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter,

---

[1] Plaintiff previously filed suit against SCDC in this court raising the same issue. Rose v. S.C. Dep't of Corrs., C/A No. 0:18-3315-RBH. In that case, the court granted summary judgment to SCDC.

accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### B.     Analysis

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In accordance with the court's duty to liberally construe *pro se* complaints, see Erickson, 551 U.S. at 94, the court construes Plaintiff's Complaint as alleging a violation of the Free Exercise Clause of the First Amendment.

However, Plaintiff fails to allege any facts that would plausibly show that the named defendants violated Plaintiff's First Amendment rights. See Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed

factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support).  Plaintiff alleges only that the defendants denied Plaintiff the right to grow his hair to an unlimited length without any supporting facts to explain how they were involved in causing a substantial burden on his religious beliefs.  See Carter v. Fleming, 879 F.3d 132, 139 (4th Cir. 2018) ("In order to state a claim for violation of rights secured by the Free Exercise Clause, an inmate, as a threshold matter, must demonstrate that:  (1) he holds a sincere religious belief; and (2) a prison practice or policy places a substantial burden on his ability to practice his religion."); Lovelace v. Lee, 472 F.3d 174, 200 (4th Cir. 2006).  Such bare assertions without further allegations fail to plausibly show the defendants are liable to Plaintiff under § 1983.  See Iqbal, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) (providing the defendant must have "personal knowledge of and involvement in the alleged deprivation" of the plaintiff's rights to be liable under § 1983).  Therefore, Plaintiff fails to state a § 1983 claim upon which relief can be granted.[2]

As to Plaintiff's RLUIPA claim, Plaintiff seeks only damages against the named defendants, but RLUIPA does not provide damages liability against state officials sued in their individual capacity.  See Rendelman v. Rouse, 569 F.3d 182, 184 (4th Cir. 2009) (holding that RLUIPA does not authorize a claim for money damages against an official sued in his individual

---

[2] To the extent Plaintiff sought to raise a claim related to the purported assault or denial of dental care he mentioned in the Complaint, (Compl., ECF No. 1 at 6), Plaintiff fails to allege any facts that would plausibly show that the named defendants were involved in those incidents.  See Wright, 766 F.2d at 850 ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.  The doctrine of *respondeat superior* has no application under this section.' ") (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)).  Therefore, Plaintiff also fails to state a claim upon which relief can be granted against the named defendants as to the assault and denial of dental care.

capacity); see also Haight v. Thompson, 763 F.3d 554, 570 (6th Cir. 2014) (collecting cases holding the same).[3] Therefore, Plaintiff fails to state a RLUIPA claim upon which relief can be granted.

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state a claim upon which relief can be granted. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[4] If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915 and § 1915A.

**IT IS SO ORDERED**.

April 20, 2020
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important WARNING on the following page.*

---

[3] To the extent Plaintiff sues the defendants in their official capacities to state a claim for damages against the State of South Carolina, states are immune from damages suits under RLUIPA. See Sossamon v. Texas, 563 U.S. 277, 285-86 (2011).

[4] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915A and § 1915A. Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).